Keating, J. (dissenting).
Section 232 of the New York Commodity Exchange, Inc. by-laws requires arbitration of controversies between a member and member firms ‘ ‘ arising out of any transaction in commodities made on the Exchange
The transaction at issue in this case was made on the London Metal Exchange, not the New York Commodities Exchange. There is no question that when Merrill Lynch sold copper futures contracts short on the London Exchange for defendant’s account, *691 this related to the drop in the price of copper on the New York Commodities Exchange, where the plaintiff held copper futures contracts which had been purchased on margin for defendant’s account.
Nevertheless, the only transaction which took place on the New York Commodities Exchange was the purchase and sale of copper futures for defendant’s account. These are not involved here. The fortuitous drop in the price of copper no doubt led to the purchase on the London Metal Exchange, but this was a separate transaction. Surely, if Griesenbeck had assaulted a Merrill Lynch broker because he disagreed with his handling of Griesenbeck’s account on the Commodities Exchange, this could not properly be considered a controversy “ arising out of a transaction in commodities on the Exchange ”. Such a controversy would be independent and separate, yet causally related. The same is true of the purchase on the London Metal Exchange. This was a separate transaction causally related to the copper transactions on the Commodities Exchange.
"While it is true that in cases such as Matter of Exercycle Corp. (Maratta) (9 N Y 2d 329) we have broadly interpreted arbitration clauses, we have never applied them in contravention of the plain language in which they are couched.
The transactions involved in this case did not arise ‘‘ out of any transaction in commodities made on the Exchange ”, This dispute is clearly without the arbitration clause.
For the foregoing reasons, we would reverse the order of the Appellate Division.
Chief Judge Fuld and Judges Van Voorhis, Burke and Bergan concur in memorandum; Judge Keating dissents and votes to reverse in an opinion in which Judges Scileppi and Breitel concur.
Order affirmed.